IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | CIVIL NO. 14-00220 HG-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAYAR CONSTRUCTION, LLC |
| vs. | |
| KAYAR CONSTRUCTION, LLC, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAYAR CONSTRUCTION, LLC[1]

Plaintiffs filed their Motion for Default Judgment Against Defendant Kayar Construction, LLC on August 11, 2014 ("Motion"). ECF No. 14. Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 14-7. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 15. After careful consideration of the Motion, the declaration, exhibits,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on May 8, 2014. ECF No. 1. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Compl. ¶¶ 6-9. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 7. Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 8. Plaintiffs claim that Defendant failed to make required contributions. Id. ¶ 13. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, 401(k) lost earnings interest, audit fees, and attorneys' fees. Id. ¶¶ 13, 17-18. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 14, 2014. ECF No. 10. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

 (1) the possibility of prejudice to the plaintiff;

 (2) the merits of plaintiff's substantive claim;

 (3) the sufficiency of the complaint;

 (4) the sum of money at stake in the action;

 (5) the possibility of a dispute concerning material facts;

 (6) whether the default was due to excusable neglect; and

 (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.    Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid

contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on June 3, 2014. Decl. of Jeffrey P. Miller submitted in support of the Request for Entry of Default, ECF No. 9-1, ¶¶ 4-5; see also ECF No. 8. This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

#### 1. **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant for unpaid contributions. See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶ 13. The terms of the collective bargaining agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. Compl. ¶ 6-7; Exs. A and B to Compl. Defendant employed workers covered by the collective bargaining agreement and those workers performed work for Defendant when the collective bargaining agreement was in effect. Compl. ¶ 12. Defendant failed to make required contributions to Plaintiffs. Compl. ¶ 13. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $26,798.51, including delinquent contributions, liquidated damages, interest, and audit fees. Compl. ¶ 13; ECF No. 14-1 at 3. Additionally, Plaintiffs seek attorneys fees and costs of $1,741.60 for fees already incurred and $785.34 in anticipated fees. ECF No. 14-1 at 3-4. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement. The Court finds that this factor weighs in favor default judgment.

5.  **Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

6.  **Whether Default was Due to Excusable Neglect**

The Court finds that Defendant's default was not the

result of excusable neglect. Plaintiffs served Defendant on June 3, 2014. ECF No. 8. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on August 11, 2014. ECF No. 14-7. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Plaintiffs request the following: (1) $14,343.43 in delinquent contributions; (2) $11,616.46 in liquidated damages; (3) $668.53 in interest and $10.09 in 401(k) lost earnings interest; (4) $160.00 in audit fees; (5) $1,741.60 for attorneys' fees and costs already incurred and $785.34 for anticipated attorneys' fees and taxes. ECF No. 14-1 at 3-4. Each category of requested relief is addressed below.

#### 1. Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $14,343.43. In support of this contention, Plaintiffs submitted a report of the Accounts Receivable of Hawaii Carpenters Trust Fund which reflect $14,343.43 in outstanding contributions from Defendant. ECF No. 14-5. The Court finds Plaintiffs have established damages in the amount of $14,343.43 for delinquent contributions.

#### 2. Liquidated Damages

Plaintiffs seek liquidated damages of $11,616.46. This amount is itemized on the Accounts Receivable Report. ECF No.

14-5. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to twenty percent of delinquent trust fund contributions. See Ex. A to Compl. at 18; 29 U.S.C. § 1132(g)(2)(C). Based on Plaintiff's documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $11,616.46.

### 3. Interest and 401(k) Lost Earnings Interest

Plaintiffs seek interest in the amount of $668.53 and 401(k) lost earnings interest in the amount of $10.09. ECF No. 14-1 at 3. The Accounts Receivable report reflects interest and 401(k) lost earnings interest due. ECF No. 14-5. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on unpaid contributions. See Ex. A to Mot. at 17; 29 U.S.C. § 1132(g)(2)(B). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established that they are entitled to interest and 401(k) lost earnings interest in the amount of $678.62.

### 4. Audit Fees

Plaintiffs seek audit fees the amount of $160.00. ECF

No. 14-1 at 7. The Accounts Receivable Report provided by Plaintiffs reflects the $160.00 audit fees incurred. See ECF No. 14-5. The Court finds that Plaintiffs have establish that they are entitled to $160.00 for audit fees.

**5. Attorneys' Fees and Costs**

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees and costs of the action." Ex. A to Compl. at 18. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $1,748.17[2] for attorneys' fees

---

[2] This is the amount of fees and costs incurred as reflected in the invoices provided by Plaintiffs. See ECF No. 14-6. The Court notes that the Motion requests a lesser amount of $1,741.60, which does not appear to include $6.57 in costs for

11

and costs already incurred.  Decl. of Jeffrey P. Miller submitted in support of Mot. ("Miller Decl."), ECF NO. 14-2, ¶¶ 7-8; ECF No. 14-5; ECF No. 14-6.  The fees requested represent 4.7 hours of work performed by Jeffery Miller, Esq., at a rate of $250 per hour.  ECF No. 14-6.  Mr. Miller was admitted to the bar in 1988.  Miller Decl. ¶ 10.  The Court finds that the hours requested for fees already incurred, and Mr. Miller's requested hourly rate, including taxes, are reasonable.  Based on the Declaration of Mr. Miller and the invoices submitted with the Motion, the Court also finds that Plaintiffs are entitled to an award for the $517.81 in costs reasonably incurred in this action.  See Miller Decl. ¶ 8; ECF No. 14-6.  In total, The Court finds that Plaintiffs are entitled to $1,748.17 in attorneys' fees, taxes, and costs already incurred.

In addition to the fees already incurred, Plaintiffs request $785.34 for anticipated attorneys' fees and taxes for 3.0 hours for drafting the Motion, attendance at the hearing, and preparation of the order and judgment.  ECF No. 14-2 ¶ 9.  Plaintiffs are instructed to submit an appropriate declaration of counsel in support any such additional attorneys' fees within five days of the filing of this Findings and Recommendation.  The Court will thereafter issue an amended findings and

---

postage, as reflected on the December 2, 2103 invoice.  Id. at 1.

recommendation if necessary.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1)  Default judgment be entered in Plaintiffs' favor and against Defendant;

(2)  Plaintiffs are entitled to damages in the amount of $14,343.43 for delinquent contributions; (2) $11,616.46 for liquidated damages; $678.62 for interest 401(k) lost earnings interest; $160.00 for audit fees; and $1,748.17 for attorneys' fees, taxes, and costs.

(3) Plaintiffs shall file an appropriate declaration of counsel within five days of the filing of this Findings and Recommendation if they wish to request additional attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 28, 2014.

Richard L. Puglisi
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ET AL. v. KAYAR CONSTRUCTION, LLC; CIVIL NO. 14-00220 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAYAR CONSTRUCTION, LLC**